# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-2072V
UNPUBLISHED

| | |
|---|---|
| MILFORD STRINGFELLOW,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: July 28, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA,* for Petitioner.

*Terrence Kevin Mangan, Jr., U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION AWARDING DAMAGES[1]

On December 30, 2020, Milford Stringfellow filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered from a left shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered on March 4, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 10, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for his SIRVA. ECF No. 27. On July 8, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $111,347.35, representing $110,000.00 for his pain and suffering and $1,347.35 for his past unreimbursable expenses. Proffer at 1-2. In the Proffer, Respondent represented that

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $111,347.35, representing $110,000.00 for his pain and suffering and $1,347.35 for his past unreimbursable expenses in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MILFORD STRINGFELLOW, ) <br> ) <br> Petitioner, ) <br> ) No. 20-2072V <br> v. ) Chief Special Master Corcoran <br> ) ECF <br> SECRETARY OF HEALTH ) <br> AND HUMAN SERVICES, ) <br> ) <br> Respondent. ) <br> ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On December 30, 2020, Milford Stringfellow ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. Petitioner alleges that he suffered from a left shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered on March 4, 2019. Petition at 1. On June 10, 2022, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 26; ECF No. 27.

**I.    Items of Compensation**

    A.    Pain and Suffering

Respondent proffers that petitioner should be awarded $110,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B. <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $1,347.35. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.   Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $111,347.35, in the form of a check payable to petitioner.

**III.   Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Milford Stringfellow: **$111,347.35.**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

/s/ *Terrence K. Mangan, Jr.*
TERRENCE K. MANGAN, JR.
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, D.C. 20044-0146
Tel.: (202) 532-5875
Email: Terrence.mangan@usdoj.gov

Dated: July 8, 2022

3